IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN S. FISHER, individually        :
and as a trustee of the MERRILL      :
FISHER TRUST, and LOIS M.            :        Case No. 4:12-cv-0484
FISHER, as a trustee of the          :
MERRILL FISHER FAMILY                :
TRUST                                :        (Judge Brann)
                                     :
              Plaintiffs,            :
                                     :
       v.                            :
                                     :
DOMINION TRANSMISSION, INC. :
                                     :
              Defendant.             :

**MEMORANDUM**
October 20, 2015

Pending before this Court are Plaintiffs' Motion for Reconsideration of this

Court's previous order on their Motion for Leave to Amend, and Defendant's

Motion for Judgment on Partial Findings on Plaintiffs' Counts II and VI. [1] These

motions have been fully briefed and are now ripe for disposition.  In accordance

with the following reasoning, Plaintiffs' Motion for Reconsideration is denied.

Moreover, Defendant's Motion for Judgment on Partial Findings is denied as moot.

---

[1] Plaintiffs have voluntarily withdrawn Count III and therefore that claim will be dismissed with prejudice, without further discussion.

## I. PROCEDURAL BACKGROUND

On April 17, 2015, the Friday before a Monday morning nonjury trial, Plaintiffs filed a motion for leave to file a second amended complaint, in which they requested that this Court allow them to withdraw Counts II and VI of their first amended complaint without prejudice.  They argued first that leave to amend to withdraw claims should be liberally granted and second that the claims were actually not ripe at the time of trial.  Defendant filed a written objection to that motion on the morning of trial, arguing that it would be severely prejudiced if the Court were to grant the Plaintiffs' request.  Moreover, it contended that the claims are ripe and that Plaintiffs had been representing them to be such for the entirety of the three years of litigation.  This Court ruled orally that Plaintiffs' motion would be denied; however, the Court allowed Plaintiffs to further brief the issue after the conclusion of trial.

Later, at the close of Plaintiffs' case, counsel for Defendant moved, pursuant to Federal Rule of Civil Procedure 52(c) for a judgment on partial findings on counts II, III, and VI of the Plaintiffs' amended complaint.  They argued that Plaintiffs had failed to prove these claims by a preponderance of the evidence.  The Court decided to defer judgment on this motion until the conclusion of the Defendant's case.  Following trial, the parties briefed these issues and the Court will consider them now.

2

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002). In such a motion, "parties are not free to relitigate issues that the Court has already decided." *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and quotations omitted). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." *Mpala v. Smith*, CIV. 3:CV-06-841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) aff'd, 241 F. App'x 3 (3d Cir. 2007). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted

3

sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc*., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**B. Analysis**

    1.    <u>Amendment under Rule 15(a)</u>

Plaintiffs first argue that this Court should reconsider its oral decision to deny leave to amend since they only recently discovered the facts giving rise to their motion and there has not been any delay on their part which would justify denial.  Moreover, they claim that Defendants have not demonstrated the existence of prejudice sufficient to deny leave.  Defendant responds that this Court's original reasons for denying amendment were correct in that Plaintiffs' request was unduly delayed and prejudicial.

Federal Rule of Civil Procedure 15(a)(2) states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  As stated within its text, Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006).  That is, leave to amend must generally be granted unless equitable considerations "render it otherwise unjust." *Id.* at 204.  The United States Court of Appeals for the Third Circuit has consistently recognized that prejudice to the non-moving party is the "touchstone for denial of an amendment." *Id.* (quoting

*Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820,

823 (3d Cir. 1978)).  However, "[i]n the absence of substantial or undue prejudice,

denial [ ] must be based on bad faith or dilatory motives, truly undue or

unexplained delay, repeated failures to cure the deficiency by amendments

previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406,

1413-14 (3d Cir. 1993).  After reexamining the law underpinning federal pleading

standards, this Court will stand by its decision to deny leave to amend but will

reconsider its reasons for doing so.

      a.    <u>Bad Faith</u>

Though Defendant has not argued bad faith, this Court regrettably views

Plaintiff's conduct in attempting to amend their complaint (on the Friday afternoon

before a Monday morning trial) to withdraw *without prejudice* two counts to be

just that.  Plaintiffs claim that they only learned during the preparation for trial that

their expansion-based damages were speculative and that their experts could not

adequately testify to these issues.  However, the parties began preparing for a date-

certain trial months earlier and therefore months before Plaintiffs requested leave

of Court to amend their complaint and withdraw these claims.

For instance, on July 30, 2013, Magistrate Judge Arbuckle entered an Order

which placed expert discovery deadlines on September 30, 2013.  That date came

and went without comment from Plaintiffs, leading this Court to believe that the

production of expert discovery went off without a hitch.  Because Plaintiffs'
argument is predicated on their experts not being able to testify as to their damages
on these two counts, the only logical inference that this Court can make is that they
would have known at that point what their experts could or could not testify to. Yet
they failed to move to amend their pleading at that time.

Following the resolution of dispositive motions, this Court entered another
Order on January 8, 2015 in which it set trial deadlines, including those for pre-
trial memoranda, proposed findings of fact and conclusions of law, and a date for
the final pre-trial conference.  Both parties' pre-trial memoranda and proposed
findings were due on March 9, 2015.  Each party filed these documents in a timely
manner.  Plaintiffs, however, continued to assert a cause of action and basis for
relief under both counts.  The pre-trial conference occurred on March 16, 2015,
slightly over a month before the trial was set to begin.  Still, Plaintiffs failed to
alert this Court to the fact that they were going to seek leave to amend to withdraw
two of their counts.  It was not until the afternoon of Friday, April 17, 2015 that
Plaintiffs indicated to this Court that they were seeking leave to amend their
complaint.  Trial began Monday, April 20, 2015.  It is beyond this Court's
understanding as to how, through all those deadlines and the preparation
necessitated for each, Plaintiffs failed to appreciate their inability to prove their
claims until the Friday afternoon before trial.

Importantly, "[d]elay can itself be evidence of bad faith justifying denial of leave to amend" if the facts before the court demonstrate that such is the case. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citing 6C, Wright & A. Miller, *Federal Practice and Procedure* § 1488 at 443-44 (1971)); *see also* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining bad faith as "[d]ishonesty of belief, purpose, or motive").  Although Plaintiffs attempt to assure this Court that there was nothing "dilatory or untoward" in their motives, their explanation rings hollow given the multitude of opportunities that they had to be straightforward with this Court about their inability to prove their claims.  Rather, this Court can discern no legitimate reason for the Plaintiffs' conduct, and it finds no reason to permit the requested amendment in light of what it views instead as dilatory and tactical decisions.  *See Leary v. Nwosu*, Civil Action No. 05-5769, 2007 WL 2892641at *4 (E.D.Pa. Oct. 2, 2007) ("Tactical decisions and dilatory motives may lead to a finding of undue delay.").  Whatever the motive behind Plaintiffs' conduct, whether to force Defendant to further litigate a claim that didn't exist or to pressure this Court into a rapid, though necessary, decision on the eve of trial, this Court declines to condone such tactical decisions by allowing them to withdraw these claims without prejudice.

b.    Prejudice

Moreover, despite Plaintiffs' argument to the contrary, amending the

complaint on the day before trial is set to begin to withdraw two counts without

prejudice is prejudicial to the Defendant.

Plaintiffs cite to *Hairston-Lash v. R.J.E. Telecom, Inc.* for the proposition

that "[p]rejudice does not result merely from a party's having to incur additional

counsel fees." *Hairston-Lash v. R.J.E. Telecom, Inc.*, No. CIV.A. 00-2070, 2000

WL 1618473, at * 2 (E.D.Pa. Oct. 30, 2000).  In turn, the court in *Hairston-Lash*

relied upon the Third Circuit's 1984 decision in *Adams v. Gould*.  *Adams*, however,

created no such bright-line rule that legal costs are never enough to create

prejudice to the opposing party.  In that case, the defendants filed for summary

judgment, which the district court denied.  This decision was then overturned on

interlocutory appeal, and summary judgment was entered in favor of the

defendants.  At that point, the plaintiffs moved for leave to file a second amended

complaint to assert a new legal theory, which the district court denied.  On appeal,

the Third Circuit allowed the amendment, stating, "[Defendants] assert no

particular prejudice except for additional counsel fees." *Adams*, 739 F.2d at 869.

However, the *Adams* court went on to clarify that:

> In this case, although the theory of the second amended complaint is based
> on the same facts as the original theory and could have been raised in the
> original complaint, the defendants have not had to litigate the facts of this

8

case once, but rather have avoided litigating the facts by having the plaintiffs' legal theory rejected by this court in an interlocutory appeal. The defendants did not go to trial with the plaintiffs relying on one legal theory, only to have the plaintiffs try to change that theory in order to retry the same facts.

*Id.*

This holding is inapposite to the matter at hand. Here, rather than seeking to add a claim or a legal theory following the decision of a summary judgment motion on interlocutory appeal before trial preparation has begun, Plaintiffs are attempting to remove two counts that Defendants have already spent significant time and money preparing to take to trial. Not only that, but they request that they be permitted to assert these claims at an undetermined time in the future, which the Defendants must re-litigate at that point. While it is true that almost every amendment would likely entail additional time and expense on the part of the opposing party, there comes a point when that extra time and expense becomes unfair and unjust. *Adams* says nothing to preclude this hazard, though it rejected the argument in the specific situation at hand. This decision did not, as Plaintiffs suggest, create a rule where, no matter its extent, time and legal costs can never constitute prejudice so as to preclude amendment.

In the case at bar, Plaintiffs have had a thorough opportunity to litigate their claims to remedy injuries which they originally insisted had come to pass. The Court views it as unfair and unjust to the Defendant to allow them to litigate these

same claims at another indeterminate time. *See Jones v. Scientific Colors, Inc.*, No. 99 C 1959, 00C 0171, 2001 WL 883689, at * 2 (N.D.Ill. Aug. 6, 2001) (denying leave to amend in a similar situation to the one at hand, holding, "Plaintiffs contend that defendant is not prejudiced by the proposed amendment and that leave should therefore be granted unconditionally.  This argument ignores the fact that defendant has, for the last 16 months . . . incurred the expense of preparing to defend against the constructive discharge theory of relief.").

   c. <u>Undue Delay</u>

 Finally, this Court may consider the extent of Plaintiffs' delay in deciding whether or not to grant leave to amend.  "Delay alone is not sufficient to justify denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  "[H]owever, at some point,  . . . delay will become 'undue,' placing an un warranted burden on the court  . . . [and] an unfair burden on the opposing party." *Adams*, 739 F.2d at 868.  Consequently, it is the prejudice to either the court or to the opposing party that determines whether a moving party's delay is undue.  *See Arthur*, 434 F.3d at 204; *see also Cornell & Co., Inc. v. Occupational Safety and Health Review*, 573 F.2d 820, 823 (3d Cir. 1978) ("Delay alone, however, is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party.").

As already discussed, Plaintiffs waited for approximately a year and a half after the production of expert discovery to request amendment.  Even more importantly, they waited until the day before trial to do so, without giving an adequate explanation as to why they could not have moved to amend sooner.  This is clearly undue delay.  Furthermore, to the extent the determination of undue delay is predicated upon a finding of prejudice to the opposing party, the Court has already discussed this issue and determined that Defendant would suffer prejudice if it were to grant the instant motion.

    2.   <u>Ripeness</u>

Plaintiffs make the additional argument that their claims are not yet ripe because the Fishers have been unable to expand the operations of the farm and have no plans to do so in the foreseeable future.  Because of this, they argue, their expert witnesses are unable to identify the costs that would be involved in doing so, making any calculation of damages speculative.  Defendant counters primarily that Plaintiffs were simply not able to prove the required elements of their claims, not that their claims were unripe at the time of trial.

The ripeness doctrine requires that the challenge grow out of a "real, substantial controversy between parties" involving a "dispute definite and concrete." *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298 (1979).  The Court therefore must look at: (1) the fitness of the issues for judicial

decision; and (2) the hardship to the parties of withholding court consideration. *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967).  The basic reason for this doctrine is to prevent the courts, "through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.*

As to the first prong, "an action is fit for judicial review where further factual development would not significantly advance [a court's] ability to deal with the legal issues presented." *Caraco Pharmaceutical Laboratories, Ltd. V. Forest Laboratories, Inc.*, 527 F.3d 1278, 1295 (3d Cir. 2008).  As to the second prong, "withholding court consideration of an action causes hardship to the plaintiff where the complained-of conduct has an immediate and substantial impact on the plaintiff." *Id.*

Despite Plaintiffs' arguments, it is clear that their claims under Counts II and VI are currently ripe and were so at the time of Plaintiffs' original motion.  With regard to Count VI, a lost profits claim is ripe when the objectionable act has been completed.  That is, the projected lost profits claim became ripe when Defendant installed the pipeline and their activities on the Fisher farm were finished.  While Plaintiffs need to demonstrate damages with reasonable certainty, *see Brisbin v. Superior Valve Co.*, 398 F3d 279, 289 (3d Cir. 2005), their inability to do so does not make the claim unripe; rather, it merely demonstrates that they are unable to prove all necessary elements of their claim.

12

Similarly, Plaintiffs' breach of contract claim for manure removal ripened after Defendant completed its activities on Plaintiffs' land. This is true whether they are alleging damages sustained and suffered as a direct result of Defendant's activities, and it remains true to the extent they are alleging damages which may occur in the future when they expand. The former scenario requires little discussion, because the injury has occurred and the damages would be readily determined. Furthermore, the latter situation is similar in character to Plaintiffs' lost profits claim, and the Court's analysis of the issue is therefore analogous. These are real, substantial controversies which involve a definite and concrete dispute. Consequently, this Court adheres to its original determination as to the ripeness of the claims at issue and will deny Plaintiffs' motion for reconsideration.

## III. MOTION FOR JUDGMENT ON PARTIAL FINDINGS

### A. Discussion

Rule 52(c) states, "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). "In considering whether to grant judgment under Rule 52(c), the district court applies the same standard of proof and weighs the evidence as it would at the conclusion of the trial. Accordingly, the court does not view the

evidence through a particular lens or draw inferences favorable to either party."
*EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 272 (3d Cir. 2010).
However, the court is entitled to make determinations as to witness credibility
where appropriate. *Id.* at 273.  Any judgment on partial findings must be
supported by findings of fact and conclusions of law.  *See* Fed. R. Civ. P. 52(c).

Because this Court has already dismissed both Counts II and VI in its
findings of facts and conclusions of law based on Plaintiffs' admitted inability to
prove these claims, the Court need not discuss them here and Defendant's motion
for judgment on partial findings is denied as moot.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Plaintiffs' Motion for
Reconsideration is denied.  Defendant's Motion for Judgment on Partial Findings
is denied as moot.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge